### Gabriel MARTINEZ GAMINO, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72203.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Phyllis A. Beech, Beech Law Firm, Fresno, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith Fax, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

Gabriel Martinez Gamino, a native and citizen of Mexico, petitions for review of

---

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's decision because Martinez Gamino failed to demonstrate that his fear of persecution is on account of a protected social group. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir.2005). Accordingly, Martinez Gamino is not eligible for asylum.

Because Martinez Gamino failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1172.

Substantial evidence also supports the denial of CAT relief because Martinez Gamino did not demonstrate that it is more likely than not that he will be tortured if returned to Mexico. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), the Ninth Circuit held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

courts of this circuit except as provided by 9th Cir. R. 36–3.
* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**DENIED in part; GRANTED in part and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.